IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           Case No. 06-10218-JWB

BARRY P. FILLMAN,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for sentence reduction and Defendant's motion for compassionate release. (Docs. 96, 99.) The motions are fully briefed and ripe for decision.[1] (Docs. 96, 97, 98, 99, 101.) The motions are denied for the reasons stated herein.

**I.     Facts**

Following a trial by jury in 2007, Defendant Barry P. Fillman was convicted of two counts of possessing a firearm not registered to him, in violation of 26 U.S.C. § 5841, and three counts of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). (Doc. 48.) In the sentencing phase, Defendant had a total offense level of 38 and Criminal History Category of III, with a resulting guideline range of 292 months to 365 months imprisonment. (PSR, ¶ 81.) Accordingly, Defendant was sentenced to a 292-month term of imprisonment. (Doc. 58.) This conviction was affirmed by the Tenth Circuit in 2009. (Doc. 74.)

---

[1] Defendant has not filed a reply brief regarding his motion for compassionate release and the time for doing so has now passed.

1

After this affirmance, Defendant unsuccessfully filed a post-conviction motion pursuant to 28 U.S.C. § 2255. (*See* Docs. 75, 80.) The appeal of this denial was dismissed by the Tenth Circuit. (Doc. 88.) Defendant now has filed two motions regarding his sentence. The first is a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821, arguing he should not have received extra "status" points for being under a criminal justice sentence at the time of his offense. (Doc. 96.) The second is a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the grounds that he has an unusually long sentence and medical issues. (Doc. 99.) The government opposes the first motion on the grounds that no status points were added. (Doc. 97.) The government opposes the second motion on the grounds that Defendant has not exhausted his Bureau of Prison ("BOP") remedies and that, on balance, the factors under Section 3553(a) do not favor Defendant. (Doc. 150.)

**II.    Standard**

Section 3582(c)(2) standard.  "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2).  The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the impact of "status points" in determining a defendant's criminal history category by striking former § 4A1.1(d) and moving the relevant provisions to new subsection 4A1.1(e), which states that one point should be added if a defendant receives seven or more points in previous subsections and committed the offense while under a criminal justice

2

sentence.

Section 3582(c)(1)(A) standard. Defendant moves for compassionate release under § 3582(c)(1)(A). Under this statute, a sentence reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id*. Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021). The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id*. at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id*. Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g.*, *United States v. Moreno*, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

### III. Analysis

As an initial matter, the Government argues in its response to the motion for sentence reduction that Defendant did not receive any criminal history status points under Chapter 4 for committing the instant offense while being under a criminal justice sentence. Defendant concedes this contention in his reply. (Doc. 98 at ¶ 4.) This contention's veracity is further confirmed in reviewing Defendant's Presentence Investigation Report. (PSR, ¶ 41.) Thus, the retroactively applicable changes to Section 4A1.1 by Amendment 821 do not change any part of Defendant's sentencing guideline calculations and have no impact on his sentence. Accordingly, Defendant's first motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) is denied.

The Court now must address Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). At the outset, the court denies Defendant's request for the appointment of counsel. Defendant has been able to clearly articulate the basis of his claim and to present his arguments to the court. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (holding there no constitutional right to counsel beyond direct appeal of a conviction). Defendant has not shown that his arguments for compassionate release are so complex or novel that he cannot adequately present them without the help of appointed counsel.

#### A. Exhaustion

To consider a motion for compassionate release, Defendant must first exhaust his administrative remedies at the BOP. *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020). The government asserts that Defendant has not presented any evidence of filing a request for compassionate release with the warden at FCI Phoenix and that 30 days passed since that time. (Doc. 101 at 5.) Therefore, the government argues that Defendant's motion should be denied as

he has failed to demonstrate proof of exhaustion.  Upon review of Defendant's motion for compassionate release, he has indicated that he filed a request with the warden in February 2025, and he waited until May 2025 to file this present motion. (Doc. 99 at ¶ 1–3.). However, he did not attach a copy of this written request to BOP with his motion.  If Defendant had attached a copy of his request for release to his motion, he would have presumptively satisfied the proof of exhaustion requirement.  *United States v. Harris*, 505 F. Supp. 3d 1152, 1157 (D. Kan. 2020).

In *United States v. Goines*, No. 19-10103-JWB, 2021 WL 4206349 (D. Kan. Sept. 16, 2021), the undersigned overlooked a defendant's failure to provide evidence of exhaustion regarding claims for compassionate release similar to those made by Defendant here.  Instead, the court proceeded to the merits of the compassionate release motion, ultimately denying relief.  *Id.* at *2.  Approximately three weeks later, the Tenth Circuit decided *United States v. Hemmelgarn*, 15 F.4th 1027 (10th Cir. 2021), another compassionate release case.  Prior to the appeal in that case, the district court had likewise proceeded to the merits of the defendant's claims in the face of an allegation of exhaustion without including a copy of that defendant's request to the warden. *Id.* at 1030.  The court of appeals noted that "Section 3582(c)(1)(A) requires exhaustion before a court may consider a motion for compassionate release." *Id.*  The court went on to say, "Typically, this would be the end of the line for Hemmelgarn." *Id.*  However, the Tenth Circuit observed that, while the government had argued failure to exhaust administrative remedies in the district court, it had waived that argument on appeal. *Id.* Accordingly, the court of appeals considered whether the exhaustion requirements under § 3582(c)(1)(A) were jurisdictional.  Concluding that those requirements were not jurisdictional, but rather a mere claim-processing rule, the Tenth Circuit proceeded to the merits. *Id.* at 1030-31.

Based on *Hemmelgarn*, the court finds that Defendant has failed to establish proof that he exhausted his administrative remedies under § 3582(c)(1)(A). Since the government has raised that issue here, the court concludes that Defendant has not satisfied the requirements to obtain compassionate release under that statute due to not providing a record of his request to the BOP. Therefore, his motion for compassionate release must be denied.

## B. Extraordinary and Compelling Reasons

Nevertheless, to avoid the waste of resources that would likely flow from Defendant refiling his motion for compassionate release with the required documentation or otherwise seeking reconsideration by providing the necessary documents, the court will address the merits of his motion now. Specifically, the court must decide whether Defendant has shown "extraordinary and compelling reasons" that warrant release. In his Section 3582(c)(1)(A) motion, Defendant raises two grounds which he contends create an extraordinary and compelling reason for release: (1) the length of his sentence being greater than 10 years and (2) Defendant is beset by numerous medical conditions.

First, even though Defendant has served over 10 years of his sentence, the length of incarceration does not independently provide an extraordinary and compelling reason to reduce a sentence. Instead, an unusually long sentence can be a basis for a sentence reduction only if a defendant has been incarcerated for 10 years and there is also a change in the law "where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). Here, Defendant has pointed to no change in the law or the sentencing guidelines which indicate that his sentence would be any different were he to be sentenced today rather than in 2007. Therefore, Defendant has

failed to establish that he is languishing under an unusually long sentence which merits a reduction in sentence under extraordinary and compelling circumstances.

Next, Defendant argues that he has numerous medical diagnoses "that require long-term and specialized medical care that is not being provided by the [BOP] and without such care, the defendant is at risk of serious deterioration in health, or even death." (Doc. 99 at 4.) In order to qualify for medical compassionate release, a defendant must show that he is suffering from: (1) a terminal illness; (2) a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process; or (3) a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death. U.S.S.G § 1B1.13(b)(1). However, Defendant does not appear to satisfy any of the three requirements under Section 1B1.13(b)(1). Although Defendant claims that he has serious health issues, Defendant has failed to demonstrate that he suffers from inadequate medical care. As this court has previously noted in a similar case, "No showing has been made, however, that BOP is not meeting its obligation to provide adequate medical care to Defendant. Nor has any showing been made of a current extraordinary health risk that warrants Defendant's release from custody." *United States v. Maldonado-Ortega*, No. 10-10104-01-JWB, 2023 WL 3721385, at *4 (D. Kan. May 30, 2023). Defendant ultimately "bears the burden of establishing that compassionate release is warranted" when raising a health-related compassionate release claim. *United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537, at *2 (D. Kan. Aug. 24, 2020). Fear of either lack of treatment or medical complications does not rise to the level of extraordinary and compelling circumstances. *United States v. Rodriguez-Maciel*, No. 13-10140-03-JWB, 2021 WL 147985, at *2 (D. Kan. Jan. 15,

2021). Therefore, Defendant has failed to establish that his alleged medical issues are sufficiently serious to merit a reduction in sentence for extraordinary and compelling circumstances.

Given that the court has found Defendant lacks any extraordinary and compelling reasons to reduce his sentence, the court need not address the other statutory requirements. *United States v. Gutierrez-Aguiniga*, No. 03-10038-01-JWB, 2021 WL 4306066, at *3 (D. Kan. Sept. 22, 2021). Accordingly, Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

## IV.   Conclusion

For the above reasons, Defendant's motion for sentence reduction (Doc. 96) is DENIED. Also, Defendant's motion for compassionate release (Doc. 99) is DENIED, and his accompanying request to appoint counsel for this motion is DENIED.

IT IS SO ORDERED. Dated this 10th day of July, 2025.

                                                       __s/ John W. Broomes_____
                                                       JOHN W. BROOMES
                                                       UNITED STATES DISTRICT JUDGE